WILLIAM J. FAGAN
v.
VALENTINE FRIES.

*Slander—Privilege of Witness.*

Words spoken by the defendant in giving his reason for discharging the plaintiff from his employment, in an action to charge the defendant with damages for such discharge, are within the privilege of the witness and can not be made the basis of an action for slander.

[Opinion filed February 13, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.

Mr. WILLIAM H. CONDON, for appellant.

The statements of a witness, to be privileged, must be pertinent, and an irrelevant remark, maliciously made, to gratify his anger or malice, is an abuse of a witness' privilege which deprives him of any protection which he otherwise might

Fagan v. Fries.

have.  White v. Carroll, 42 N. Y. 161; Allen v. Crofoot, 2 Wend. 515; Barnes v. McCrate, 32 Maine, 442; Calkins v. Sumner, 13 Wis. 193; Lea v. White, 4 Smed. 111; McLaughlin v. Cowley, 129 Mass. 316; York v. Rose, 2 Gray, 282; Smith v. Howard, 28 Iowa, 51; Storey v. Wallace, 60 Ill. 51; Morgan v. Booth, 3 Bush. 480.

If a false and groundless charge be made, on a privileged occasion, but without reasonable or probable cause, it should be left to the jury, if there be any other circumstance suggesting malice.  Padmore v. Lawrence, 11 A. & E. 380; Odgers on Libel and Slander, 274; Clark v. Molyneaux, 32 B. D. 247; Huntley v. Ward, 6 C. B. N. S. 514.

Messrs. SCHUYLER & KREMER, for appellee.

MORAN, J.  Appellant brought an action of slander for words spoken by appellee when giving his testimony as a witness on the trial of a law suit between them.  When the plaintiff had introduced his evidence, the court, on the motion of appellee, ruled it out, and the jury returned a verdict for the defendant.  The action of the court in excluding the evidence is assigned for error on this appeal.  Without entering upon a discussion of the question as to whether the words complained of were in any event actionable, the ruling of the court must be sustained on the ground that the words were uttered by the appellee in his character as a witness in a case in which he was a party and appellant was his adversary, and the objectionable words were used in giving a reason for discharging appellant from his employ, when the effort was to make appellee liable in damages for such discharge.  The words were certainly within the privilege of a witness, and no recovery can be had for or against the witness for using them.

The case of Hunckel v. Voneiff (Md.) 14 Atlantic Rep. 500, is an authority directly in point.

The judgment is correct and must be affirmed.

*Judgment affirmed.*